11-1108-cv
Szczepanek v. Dabek

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand twelve.

PRESENT:  ROBERT D. SACK,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
               *Circuit Judges*,

-----------------------------------------------------------------------------------

ANDRZEJ SZCZEPANEK,

           *Plaintiff-Appellant*,

      v.                                 No. 11-1108-cv

JAROSLAW DABEK, SYED ZAKI HOSSAIN, MODERN PACKAGING, INC., PDF SEAL, INC., FOIL SEAL, INC.,

           *Defendants-Appellees*.

-----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:      PAUL K. ROONEY (Agnieszka D. Kusmierska, *on the brief*), Paul K. Rooney, P.C. New York, New York.

APPEARING FOR APPELLEES:      RICHARD HAMBURGER (Lane T. Maxson, *on the brief*), Hamburger, Maxson, Yaffe, Knauer & McNally, LLP, Melville, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 9, 2011, is AFFIRMED.

Andrzej Szczepanek appeals the attorneys' fee award of $283,381.21 against defendants, which he obtained pursuant to the May 26, 2010 final arbitration award granting him 30% of his attorneys' fees as a sanction for defendants' bad faith conduct in the arbitration proceedings. In considering a challenge to the enforcement of an arbitration award, we review the district court's legal conclusions de novo and its findings of fact for clear error. See ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 85 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Szczepanek charges the district court with legal and factual error in enforcing the arbitrator's sanction against defendants. We disagree. The final arbitration award ordered defendants to pay "30% of [Szczepanek's] attorneys' fees for this proceeding as determined by [Szczepanek's] counsel with documentary backup. [Szczepanek's] determination of the amount due will be deemed accurate absent manifest error." App. 47. In his petition to enforce the arbitration award, Szczepanek averred that his attorneys incurred $3,148,680.14 in fees and, thus, claimed a sanction of $944,604. The district court found, however, that the proffered attorneys' fees were overstated as a result of manifest error in counsels' "documentary backup" and attorneys' fees calculations and, thus, reduced them to a reasonable amount.

2

Szczepanek submits that the district court committed legal error by failing to defer to the arbitrator's final award, see Jock v. Sterling Jewelers Inc., 646 F.3d 113, 125 (2d Cir. 2011) (discussing "substantial deference" afforded to arbitration awards), insofar as it instructed that Szczepanek's attorneys' fees be accepted absent manifest error. The argument fails because the district court reasonably found manifest error on the record before it. Next, Szczepanek posits that the district court modified or partially vacated the arbitration award without any demonstration of a statutory or judicially created ground for departing from the arbitrator's decision. See id. at 121–22 (2d Cir. 2011) (discussing limited grounds for vacating arbitration award). On the contrary, upon correcting the manifest error in the fee calculation, the district court enforced the terms of the arbitration award without any modification or vacatur.

Insofar as Szczepanek disputes the district court's finding of manifest error in the sufficiency of counsels' billing records and its application of a lodestar rate to adjust Szczepanek's attorneys' fees, we identify no clear error. The district court did not err in finding that Szczepanek's attorneys' records were inadequate and that, even in light of defendants' misconduct and delay, it was unreasonable to bill more than 5,600 hours for a six-day arbitration involving only the preparation of memoranda and a single expert witness for each side. Nor was it clearly erroneous for the district court to reduce counsels' proffered hourly rates to reasonable rates "a paying client would be willing to pay," given the

3

inadequate documentation supporting his application for attorneys' fees. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

For the foregoing reasons, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court